## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEBASTIAN GORKA,<br><br>       *Plaintiff,*<br><br>    v.<br><br>BENNIE G. THOMPSON, in his official capacity as Chairman of the House Select Committee to Investigate the January 6 Attack on the United States Capitol; Rayburn House Office Building, 2466, Washington, DC 20515<br><br>SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL<br><br>VERIZON COMMUNICATIONS, INC.; 1095 Avenue of the Americas, New York, NY 10036<br><br>       *Defendants.* | Case No. 1:22-cv-00017 |

## ANSWER OF VERIZON COMMUNICATIONS INC.

Defendant Verizon Communications Inc. ("Verizon"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Sebastian Gorka and reserves its rights to request dismissal of the Complaint on any and all grounds. Unless expressly admitted, all allegations set forth in the Complaint are denied.

## PRELIMINARY STATEMENT

1.      On December 15, 2021, Verizon received, as relevant here, a subpoena from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records

for the phone number associated with Plaintiff's account with Verizon (the "Subpoena").  *See* Compl. Ex. B.  This Subpoena demanded production of only Subscriber Information,[1] Connection Records, and Records of Session Times and Durations.[2]  The Subpoena demanded production of telecommunications records for the time period from November 1, 2020, through and including January 31, 2021.  This Subpoena did not compel the production of any call or text message content, or location information.

2.      Upon receiving the Subpoena, Verizon notified Plaintiff of Verizon's receipt of the Subpoena from the Select Committee.  *See* Compl. Ex. C.  This notice informed Plaintiff that unless Verizon received "a court document challenging the [S]ubpoena by January 5, 2021, Verizon is compelled to comply with the [S]ubpoena."  Compl. Ex. C.

3.      Verizon also provided Plaintiff with a copy of the Subpoena issued by the Select Committee, *see* Compl. Ex. B, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4.      Plaintiff filed this Complaint in the District of Columbia on January 4, 2022.

---

[1] "Subscriber Information" includes:  name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[2] "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

5.      Thus, consistent with the notice that Verizon provided Plaintiff, Verizon has not produced any of Plaintiff's records in response to the Select Committee's Subpoena.

6.      In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers.  Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Plaintiff.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 1.

2.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 2.

3.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 3.

4.      The allegations in paragraph 4 consist of legal arguments and legal conclusions, to which no response is required.  To the extent a response is required, Verizon lacks sufficient information to admit or deny the allegations in paragraph 4.

5.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 5.

6.      The allegations in paragraph 6 consist of legal arguments to which no response is required.

7.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 consist of legal arguments and legal conclusions to which no response is required.

9.      The allegations in paragraph 9 consist of legal arguments, legal conclusions, and a summary of the relief sought, to which no response is required.

10.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 10.

11.     Verizon admits the allegations in the first sentence of paragraph 11 and lacks sufficient information to admit or deny the remaining allegations in paragraph 11.

12.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 12.

13.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 13.

14.     Verizon admits that it has a headquarters in New York City and is incorporated in Delaware.  Verizon also admits that it is subject to the jurisdiction of this Court.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 14.

15.     Verizon admits the allegations in paragraph 15, which references actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

16.     Verizon admits that this Court has subject-matter jurisdiction over this action.

17.     Verizon admits that venue is proper.

18.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 18.

19.     Verizon admits the allegations in paragraph 19, which references actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021.  Verizon respectfully refers

the Court to the full text of that document for a complete record of its contents.

20.     The allegations in paragraph 20 purport to summarize and quote from Exhibit A to Plaintiff's Complaint.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

21.     The allegations in paragraph 21 purport to summarize material from the Congressional Record.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

22.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 22.

23.     Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 23.  The allegations in the second sentence of paragraph 23 purport to summarize and quote from a public document.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

24.     The allegations in paragraph 24 purport to summarize material from the Congressional Record.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

25.     The allegations in paragraph 25 purport to summarize material from publicly available documents and Exhibit A to the Complaint.  Verizon respectfully refers the Court to the full text of those documents for a complete record of its contents.

26.     The allegations in paragraph 26 purport to summarize material from a publicly available document.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

27.     The allegations in paragraph 27 purport to quote from Exhibit A to Plaintiff's Complaint.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

28.     The allegations in paragraph 28 purport to quote from Exhibit A to Plaintiff's Complaint.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

29.     The allegations in paragraph 29 purport to quote from Exhibit A to Plaintiff's Complaint.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

30.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 30.

31.     Verizon admits the allegations in paragraph 31.

32.     Verizon admits the allegations in paragraph 32.

33.     The allegations in paragraph 33 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 33 for a complete record of its contents.

34.     The allegations in paragraph 34 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 34 for a complete record of their contents.

35.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 35.

36.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 36.

37.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 37.

38.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 38.

39.     The allegations in paragraph 39 purport to quote from Exhibit A to Plaintiff's Complaint.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

40.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 40.

41.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 41.

42.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 42.

43.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 43.

44.     The allegations in paragraph 44 purport to summarize a publicly available document.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

45.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 45.

46.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 46.

47.     The allegations in paragraph 47 purport to summarize a publicly available

document.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

48.     The allegations in paragraph 48 purport to summarize a publicly available document.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

49.     The allegations in paragraph 49 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon lacks sufficient information to admit or deny the allegations in paragraph 49.

50.     The allegations in paragraph 50 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon respectfully refers the Court to the full text of the statutes cited for a complete record of their contents.

51.     The allegations in paragraph 51 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon respectfully refers the Court to the full text of the statute cited for a complete record of their contents.

52.     The allegations in paragraph 52 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon respectfully refers the Court to the full text of the statutes cited for a complete record of their contents.

53.     With respect to paragraph 53, Verizon incorporates by reference its responses to paragraphs 1 through 52.

54.     The allegations in paragraph 54 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 54 for a full record of its contents.

55.     The allegations in paragraph 55 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the cases cited in paragraph 55 for a full record of their contents.

56.     The allegations in paragraph 56 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the cases cited in paragraph 56 for a full record of their contents.

57.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 57.

58.     Verizon denies that the Subpoenas seek "all communications."  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 58.

59.     The allegations in paragraph 59 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon lacks sufficient information to admit or deny the allegations in paragraph 59.

60.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 60.

61.     The allegations in paragraph 61 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 61 for a full record of its contents.

62.     With respect to paragraph 62, Verizon incorporates by reference its responses to paragraphs 1 through 61.

63.     The allegations in paragraph 63 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 63 for a full record of its contents.

64.     The allegations in paragraph 64 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the cases cited in paragraph 64 for a full record of their contents.

65.     The allegations in paragraph 65 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 65 for a full record of its contents.

66.     The allegations in paragraph 66 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the document cited in paragraph 66 for a full record of its contents.

67.     The allegations in paragraph 67 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon lacks sufficient information to admit or deny the allegations in paragraph 67.

68.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 68.

69.     The allegations in paragraph 69 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon lacks sufficient information to admit or deny the allegations in paragraph 69.

70.     With respect to paragraph 70, Verizon incorporates by reference its responses to paragraphs 1 through 69.

71.     The allegations in paragraph 71 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 are legal arguments and legal conclusions to

which no response is required.  To the extent any response is necessary, Verizon denies the allegations in paragraph 72.

73.     The allegations in paragraph 73 are legal arguments and legal conclusions to which no response is required.

74.     The allegations in paragraph 74 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 74 for a full record of its contents.

75.     The allegations in paragraph 73 are legal arguments and legal conclusions to which no response is required.

76.     With respect to paragraph 76, Verizon incorporates by reference its responses to paragraphs 1 through 75.

77.     The allegations in paragraph 77 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 77 for a full record of its contents, and denies the allegations in paragraph 77.

78.     The allegations in paragraph 78 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the cases cited in paragraph 78 for a full record of their contents.

79.     Verizon admits that the Subpoena identifies a phone number associated with Plaintiff's account and requires the production of certain information associated with that phone number.

80.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 80.

81.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 81.

82.     The allegations in paragraph 82 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the cases cited in paragraph 82 for a full record of their contents.

83.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 83.

84.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 84.

85.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 85.

86.     The allegations in paragraph 86 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon lacks sufficient information to admit or deny the allegations in paragraph 86.

87.     The allegations in paragraph 87 are legal arguments and legal conclusions to which no response is required.

88.     With respect to paragraph 88, Verizon incorporates by reference its responses to paragraphs 1 through 87.

89.     The allegations in paragraph 89 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 89 for a full record of its contents.

90.     The allegations in paragraph 90 are legal arguments and legal conclusions to which no response is required.

91.     The allegations in paragraph 91 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 91 for a full record of its contents.

92.      The allegations in paragraph 92 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 92 for a full record of its contents.

93.     Verizon admits that the Subpoena requires the production of certain information associated with a phone number attributed to Plaintiff.

94.     Verizon incorporates by reference paragraph one of the Preliminary Statement to this Answer.

95.     Verizon incorporates by reference paragraph one of the Preliminary Statement to this Answer.

96.     Verizon incorporates by reference paragraph one of the Preliminary Statement to this Answer.

97.     The allegations in paragraph 97 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to Exhibit B, the document referenced in paragraph 97, for a full record of its contents.

98.     Verizon incorporates by reference paragraph one of the Preliminary Statement to this Answer.

99.     Verizon incorporates by reference paragraph one of the Preliminary Statement to this Answer.  Verizon denies that the Subpoena seeks "cell site location data."  The remaining allegations in paragraph 99 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in

paragraph 99 for a full record of its contents.

100.    The allegations in paragraph 100 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 100 for a full record of its contents.

101.    The allegations in paragraph 101 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the case cited in paragraph 101 for a full record of its contents.

102.    The allegations in paragraph 102 are legal arguments and legal conclusions to which no response is required.

103.     The allegations in paragraph 103 are legal arguments and legal conclusions to which no response is required.

104.    The allegations in paragraph 104 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon admits the last sentence of paragraph 104, and lacks sufficient information to admit or deny the remaining allegations.

105.    The allegations in paragraph 105 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon lacks sufficient information to admit or deny the allegations in paragraph 105.

Plaintiff's Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment in paragraphs a through e and g.  Verizon denies that Plaintiff is entitled to Verizon's payment of their reasonable costs and expenses, including attorneys' fees, as asserted by Plaintiff in paragraph f.

February 14, 2022                         Respectfully submitted,


                                          /s/ Reid M. Figel
                                          Reid M. Figel
                                          **KELLOGG, HANSEN, TODD,**
                                          **  FIGEL & FREDERICK, P.L.L.C.**
                                          1615 M Street, N.W., Suite 400
                                          Washington, D.C. 20036
                                          Tel: (202) 326-7900
                                          rfigel@kellogghansen.com

                                          *Counsel for Defendant Verizon*
                                          *Communications Inc.*